# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

BLANCHARD LAW FIRM, LLC D/B/A
LAW OFFICE OF KENNETH
BLANCHARD, JR.

NO. 2020 CW 0185
(PAGE 1 OF 2)

VERSUS

SHARON MOLDEN AND LOUIS DELONE,
CO-ADMINISTRATORS OF THE
SUCCESSIONS OF DAVID DELONE,
JR. AND OLIVA YOUNG DELONE

**APR 2 8 2020**

---

In Re:  Blanchard Law Firm, LLC D/B/A Law Office of Kenneth
        Blanchard, Jr., applying for supervisory writs,
        Plaquemine City Court, Parish of Iberville, No. 19,220

---

**BEFORE:  WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

**WRIT NOT CONSIDERED.** The writ application fails to comply with the Uniform Rules of Louisiana Courts of Appeal, Rule 4-5. Applicant did not include copies of either its memorandum in opposition to the exception or its post-trial memorandum submitted to the lower court in violation of Uniform Rules of Louisiana Courts of Appeal, Rule 4-5 (C)(8) and (9). Further, while the minutes do not reflect that exhibits were offered at the hearing, the written reasons for judgment references evidence submitted. In order for this court to examine the lower court's ruling, it must be presented with the documents and pleadings on which the judgment was founded as well as all memoranda submitted in support or opposition to the exception. Moreover, in light of the conflict between the minutes and the lower court's written reasons, additional documentation, such as the hearing transcript, is needed.

Supplementation of this writ application and/or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 4-9 and 2-18.7.

In the event Applicant seeks to file a new application with this court, it must contain all pertinent documentation and must comply with Rule 2-12.2 of the Uniform Rules of Louisiana Courts of Appeal. Any new application must be filed on or before June 1, 2020 and must contain a copy of this ruling.

**VGW**
**WJB**

**Guidry, J.,** dissents and would grant the writ. By alleging that all unpaid legal services were performed at the offices of plaintiff in the City of Plaquemine, plaintiff, Blanchard Law Firm, LLC d/b/a Law Office of Kenneth Blanchard, Jr., alleged sufficient facts to establish that venue was proper in Plaquemine City Court pursuant to La. Code Civ. P. arts. 74.4(A) and 4851(B). **Elliott v. Amato and Creely,** 2005-0376 (La. App.

---
[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

1st Cir. 3/29/06), 934 So.2d 779, 781. Because the grounds for the objection of improper venue did not appear on the face of plaintiff's petition, the burden was on defendants to offer evidence in support of their position. **Id.** at 782. Considering defendants' failure to offer any evidence at the hearing on the exception, the allegations of the petition are accepted as true. **Price v. Roy O. Martin Lumber Co.**, 2004-0227 (La. App. 1st Cir. 4/27/05), 915 So.2d 816, 825, writ denied, 2005-1390 (La. 1/27/06), 922 So.2d 543. Defendants failed to carry their burden of establishing that venue in Plaquemine City Court was improper or that La. Code Civ. P. art. 81 was applicable to plaintiff's suit on open account to recover debts of the co-administrators of the Successions of David Delone, Jr. and Olivia Young Delone.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT